CC-45 V4

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY

**Township Officials of Ilinois, et al.**
Plaintiff
vs.                                    Case No. **2022-LA-0000236**

**Lenovo, Inc., & LG Chem America, Inc.**
Defendant

Service to be made
to: **LG Chem America, Inc. - President Yang Tae Park**

**2475 Piedmont Road, Suite 1200**

**Atlanta, GA 30305**

Virtual Meeting Scheduled
Meeting ID #   **813 9084 1419**
Virtual Meeting by Computer: Zoom.us
Virtual Meeting by Phone:
312-626-6799 / 646-558-8656 / 346-248-7799
Instructions at https://tinyurl.com/virtualcourt17

### SUMMONS

**TO THE DEFENDANT** _____,
**LG Chem America, Inc. - President Yang Tae Park**

**YOU ARE HEREBY SUMMONED** and required to file an Answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your Appearance in the Office of the Clerk of this Court, Winnebago County Courthouse, 400 West State St., room 108, Rockford, Illinois, **within 30 days after service of this summons**, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT.**

**THIS CASE IS SET FOR A CASE MANAGEMENT CONFERENCE ON**

_November 9, 2022/9:00 a.m./Judge Lisa Fabiano_
Date / Time / Courtroom

**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.
**This summons may not be served later than thirty (30) days after its issuance.**

Plaintiff's Attorney or Plaintiff,
Name: **Steven R. Johnson**
Attorney for: **Plaintiff**
Address: **311 S. County Farm Road, Suite L**
City/State/Zip: **Wheaton, IL 60187**
Telephone No: **630-653-5775**



DATE: 8/25/2022

Thomas A. Klein, Clerk of Court
BY: JP
Deputy Clerk

Electronically Issued Document ID: _____

(To be inserted by officer on copy left with defendant or other person)

**Attention:**
E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional, help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

If you have a disability that requires an accommodation to participate in court, please contact the
Court Disability Coordinator at 815-319-4806.

EXHIBIT A

30 Day Summons | CC-45 V4

**ELECTRONICALLY FILED**
DOC ID: 18978150
CASE NO: 2022-LA-0000236
DATE: 8/5/2022 3:18 PM
BY: A H, DEPUTY

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
WINNEBAGO COUNTY

| | | |
|---|---|---|
| TOWNSHIP OFFICIALS OF ILLINOIS RISK MANAGEMENT ASSOCIATION, as subrogee of Rockford Township, and ROCKFORD TOWNSHIP, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2022-LA-0000236 |
| v. | ) ) | No. 2022 L _____ |
| LENOVO (UNITED STATES) INC., a foreign corporation, and LG CHEM AMERICA, INC., a foreign corporation, now known as LG Energy Solutions, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, TOWNSHIP OFFICIALS OF ILLINOIS RISK MANAGEMENT ASSOCIATION, as subrogee of Rockford Township, and ROCKFORD TOWNSHIP, by and through their attorneys LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, and for their Complaint against the Defendants, state as follows:

## COUNT I
**TOIRMA v. LENOVO**
(Strict Liability)

1. Rockford Township (hereinafter "Rockford") is a unit of local government located in the City of Rockford, County of Winnebago, Illinois, organized pursuant to the laws of the State of Illinois.

2. Lenovo (United States) Inc. (hereinafter "Lenovo") is an international corporation, registered in the State of Delaware, in the business of manufacturing and selling personal laptop computers.

**EXHIBIT A**

3. LG Chem America, Inc., now known as LG Energy Solutions (hereinafter "LG Chem"), is an international corporation, registered in the State of Delaware, in the business of manufacturing and selling batteries for use in personal laptop computers.

4. Township Official of Illinois Risk Management Association (hereinafter "TOIRMA") is a risk management pool, organized under the laws of the State of Illinois, that provides insurance coverage to its member townships.

5. Rockford Township is a TOIRMA member.

6. Rockford Township is insured for property damage and business interruption arising out of the January 30, 2019 fire loss as a member of the TOIRMA risk management pool, which membership agreement provided for the right of subrogation for sums paid by TOIRMA pursuant to certain provisions of the agreement. Said agreement included a per-occurrence self-insured retention of $500.00.

7. The Rockford Township Highway Department offices and garages are located at 404 North Springfield Avenue, Rockford, Winnebago County, Illinois.

8. Brad Trent was employed by the Rockford Township as Assistant Highway Commissioner.

9. On or about February 12, 2018, Rockford Township Highway Department purchased a Lenovo ThinkPad E570 15.6" Notebook laptop computer ("the ThinkPad") for use by Brad Trent in his capacity as Assistant Highway Commissioner.

10. Said ThinkPad was manufactured by Lenovo.

11. Said ThinkPad was equipped with a battery, manufactured by LG Chem, that allowed use of the ThinkPad when it was not connected to an alternating current (a/c) power supply.

EXHIBIT A

12. On January 30, 2019, at approximately 3:00 p.m., Brad Trent left the ThinkPad on his desk in the Rockford Township Highway Department offices, connected to an a/c outlet by its charger, and operating in sleep mode.

13. On January 30, 2019, at approximately 6:00 p.m., the LG Chem battery in the ThinkPad catastrophically failed, igniting a fire, which essentially leveled the Rockford Township Highway Department facility and damaging the fixtures, furniture, equipment, and other business personal property therein together with the building and garage.

14. Lenovo manufactured the ThinkPad and placed into the stream of commerce where it was ultimately purchased and used by Rockford Township in the Highway Department.

15. Said ThinkPad was manufactured with a component battery manufactured and sold by LG Chem for use in laptop computers such as the ThinkPad.

16. The ThinkPad was unreasonably dangerous at the time of its manufacture because the LG Chem battery incorporated into the computer was known to malfunction and catastrophically fail igniting fires which can damage people and property.

17. The unreasonably dangerous condition of the ThinkPad existed at the time it left Lenovo's control, and existed up to and through the time of the fire.

18. The ThinkPad was expected to and did reach Rockford Township without substantial change from the condition in which it was placed into the stream of commerce.

19. At all relevant times, the ThinkPad was used in a reasonable and foreseeable manner by Rockford Township.

20. The ThinkPad and its component parts were defective in design and/or manufacture, and was unreasonably dangerous to those using the ThinkPad, including Rockford Township and its employees, in one or more of the following ways:

EXHIBIT A

(a) The method by which the ThinkPad was designed, engineered, manufactured and/or assembled did not provide a fire-safe product;

(b) The ThinkPad was improperly designed, engineered, manufactured, and/or assembled in a manner which allowed the battery to discharge below the voltage necessary to cause internal damage to the battery which was exacerbated during repeated charging and discharging cycles until it catastrophically failed and/or malfunctioned, thereby igniting a fire;

(c) The ThinkPad, absent any misuse or abuse, was at risk to internally combust and ignite a fire;

(d) The ThinkPad was designed, engineered, manufactured and/or assembled in a manner that failed to prevent recharging of a damaged battery despite the known risk of a fire;

(e) There were no adequate tests or other quality control measures conducted on the ThinkPad to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid failure, malfunction, and/or ignition of a fire;

(f) The ThinkPad and its component battery lacked adequate warnings and instructions to advise persons purchasing said ThinkPad about the risk that said laptop computer, absent any misuse or abuse, would or could internally combust and ignite a fire;

(g) The ThinkPad and its component battery were inherently dangerous and lacked adequate warnings that it should not be left unattended at any time the charger is plugged into an outlet due to the risk of internal combustion and ignition of fire.

(h) Was otherwise defective, unsafe, and unreasonably dangerous for its intended use.

21. As a direct and proximate result of one or more of the foregoing acts and omissions, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

22. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK

**EXHIBIT A**

MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT II
**TOIRMA v. LENOVO**
(Negligence)

23. Plaintiff repeats and re-alleges Paragraphs 1 through 22 of Plaintiffs' Complaint as and for Paragraph 23 of Count II.

24. Lenovo, as the manufacturer of the subject ThinkPad, owed Rockford Township a duty to exercise ordinary care, caution, diligence and foresight expected of manufacturers of laptop computers for the reasonable and foreseeable use of its product.

25. Lenovo owed a duty to Rockford Township to investigate, inspect and examine its ThinkPad products such that it could discover product design and/or manufacturing flaws.

26. Lenovo owed a duty to warn Rockford Township of the potential that its ThinkPad computer could internally combust and ignite a fire if left plugged in and unattended.

27. Lenovo owed a duty to Rockford Township to design, engineer, manufacture, assemble, distribute, and sell its ThinkPad computers free from defects.

28. At all relevant times, the ThinkPad was put to its reasonable and expected use by Rockford Township.

29. Lenovo breached its foregoing duties to Rockford Township in one or more of the following negligent acts or omissions:

   (a) Designed, engineered, manufactured, assembled, sold, and distributed a defective ThinkPad computer that it knew or should have known was subject to catastrophic failure that could ignite a fire;
   (b) Failed to adequately test or inspect the ThinkPad to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid catastrophic failure and/or malfunction resulting in the ignition of a fire;

**EXHIBIT A**

(c) Failed to provide adequate warnings and instructions to advise persons using said ThinkPad about the risk that said laptop computer, absent any misuse or abuse, was known to internally combust and ignite a fire;

(d) Failed to warn users that the ThinkPad was inherently dangerous and should not be left unattended at any time it is plugged into an outlet due to the risk of internal combustion and ignition of fire;

(e) Was otherwise careless and negligent under the circumstances then existing.

30. As a direct and proximate result of the one or more of the foregoing negligent acts and/or omissions, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

31. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiffs, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT III

**TOIRMA v. LENOVO**
(Breach of Express Warranty)

32. Plaintiff repeats and re-alleges Paragraphs 1 through 22 of Plaintiffs' Complaint as and for Paragraph 32 of Count III.

33. Upon information and belief, the sale of the ThinkPad included a Lenovo Warranty.

34. Lenovo expressly warranted that the subject ThinkPad was free from defects in materials and workmanship under normal use during the warranty period.

6

EXHIBIT A

35. At all relevant times, the subject ThinkPad was operated in a normal and expected manner that was foreseeable to Lenovo.

36. Rockford Township followed the applicable operating instructions.

37. Rockford Township did not modify or alter the ThinkPad or its component parts in any manner prior to the subject fire.

38. Lenovo breached the express warranty with Rockford Township in one or more of the following ways:

   (a) Failed to manufacture a ThinkPad computer that was free defects in materials and workmanship;
   (b) Failed to sell, distribute and/or place into the stream of commerce a ThinkPad E570 Notebook laptop computer that was free from defects in materials and workmanship such that it was able to perform its intended functions;
   (c) Otherwise breached the express terms of the warranty.

39. As a direct and proximate result of the one or more of the foregoing breaches of express warranty, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

40. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

EXHIBIT A

## COUNT IV

**TOIRMA v. LENOVO**
(Breach of Implied Warranties)

41.  Plaintiff repeats and re-alleges Paragraphs 1 through 22 of Plaintiffs' Complaint as Paragraph 41 of Count IV.

42.  Lenovo warranted to Rockford Township that the subject ThinkPad was fit for its intended purpose and was of merchantable quality.

43.  At all relevant times, the subject ThinkPad was confined to its normal and expected use.

44.  Rockford Township followed the applicable operating instructions.

45.  Rockford Township did not modify or alter the ThinkPad or its component parts in any manner prior to the subject fire.

46.  Lenovo breached the implied warranties of fitness for particular purpose and merchantability in one or more of the following ways:

   (a)  Failed to manufacture a ThinkPad E570 Notebook laptop computer for use by Rockford Township that was free defects in materials and workmanship;
   (b)  Failed to sell, distribute and/or place into the stream of commerce a ThinkPad E570 Notebook laptop computer that was fit for use by Rockford Township;
   (c)  Failed to sell, distribute and/or place into the stream of commerce a ThinkPad E570 Notebook laptop computer that was of merchantable quality;
   (d)  Otherwise breached the implied warranties of fitness for particular purpose and merchantability.

47.  As a direct and proximate result of the one or more of the foregoing breaches of implied warranties, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

8

EXHIBIT A

48. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT V
### TOIRMA v. LG CHEM
(Strict Liability)

49. Plaintiff repeats and re-alleges Paragraphs 1 through 22 of Plaintiffs' Complaint as and for Paragraph 49 of Count V.

50. The LG Chem battery incorporated into the ThinkPad was unreasonably dangerous at the time of its manufacture because it was known to malfunction and ignite a fire.

51. The unreasonably dangerous condition of the battery existed at the time it left LG Chem's control and existed up to and through the time of the fire.

52. The LG Chem battery was expected to and did reach Rockford Township without substantial change in the condition in which it was at the time it left the control of LG Chem.

53. At all relevant times, the LG Chem battery was used in a reasonable and expected manner by Rockford Township.

54. The LG Chem battery was defective in design and/or manufacture, and was unreasonably dangerous to those using the ThinkPad with the LG Chem battery, including Rockford Township, in one or more of the following ways:

9

EXHIBIT A

(a) The method by which the LG Chem battery was designed, engineered, manufactured and/or assembled did not provide a fire-safe product;

(b) The LG Chem battery was improperly designed, engineered, manufactured, and/or assembled in a manner which allowed the battery to discharge below the voltage necessary to cause internal damage to the battery which was exacerbated during repeated charging and discharging cycles until it catastrophically failed and/or malfunctioned, thereby igniting a fire;

(c) The LG Chem battery, absent any misuse or abuse, was at risk to internally combust and ignite a fire;

(d) The LG Chem battery was designed, engineered, manufactured and/or assembled in a manner that failed to prevent recharging of a damaged battery despite the known risk of a fire;

(e) There were no adequate tests or other quality control measures conducted on the LG Chem battery to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid failure, malfunction, and/or ignition of a fire;

(f) The LG Chem battery and its component battery lacked adequate warnings and instructions to advise persons purchasing said batteries about the risk that said batteries, absent any misuse or abuse, would or could internally combust and ignite a fire;

(g) The LG Chem battery were inherently dangerous and lacked adequate warnings that it should not be left unattended at any time the charger is plugged into an outlet due to the risk of internal combustion and ignition of fire.

(h) Was otherwise defective, unsafe, and unreasonably dangerous for its intended use.

55. As a direct and proximate result of the one or more of the foregoing acts and omissions, the LG Chem battery internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

56. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK

EXHIBIT A

MANAGEMENT ASSOCIATION, demands judgment against LG CHEM AMERICA, INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT VI
### TOIRMA v. LG CHEM
(Negligence)

57. Plaintiffs repeat and re-allege Paragraphs 1 through 22 of Plaintiffs' Complaint as and for Paragraph 57 of Count VI.

58. LG Chem, as the manufacturer of the subject battery, owed Rockford Township a duty to exercise ordinary care, caution, diligence, and foresight expected of manufacturers of component parts for use in laptop computers in a reasonable and foreseeable manner.

59. LG Chem had a duty to Rockford Township to investigate, inspect and examine its battery, intended for use in laptop computers, such that it could discover product flaws in a product known to cause fires.

60. LG Chem had a duty to warn Rockford Township of the potential that its battery, intended for use in laptop computers, could internally combust and ignite a fire.

61. LG Chem had a duty to Rockford Township to design, engineer, manufacture, assemble, distribute, and sell batteries for use in laptop computers that were free from defects.

62. At all relevant times, the LG Chem battery was used in a reasonable manner, as intended by LG Chem, for its expected use in a ThinkPad computer by Rockford Township.

63. LG CHEM breached its foregoing duties to Rockford Township in one or more of the following negligent acts or omissions:

    (a)    Designed, engineered, manufactured, assembled, sold, and distributed a defective battery that it knew or should have known was subject to catastrophic failure that could ignite a fire;

    (b)    Failed to adequately test or inspect the battery to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid catastrophic failure and/or malfunction resulting in the ignition of a fire;

EXHIBIT A

(c) Failed to provide adequate warnings and instructions to advise persons using said battery about the risk that, absent any misuse or abuse, it was known to internally combust and ignite a fire;

(d) Failed to warn users that the battery was inherently dangerous and should not be left unattended at any time it is plugged into an outlet due to the risk of internal combustion and ignition of fire;

(e) Was otherwise careless and negligent under the circumstances then existing.

64. As a direct and proximate result of the one or more of the foregoing negligent acts and/or omissions, the LG Chem battery internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

65. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiffs, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG CHEM AMERICA, INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT VII

**ROCKFORD v. LENOVO**
(Strict Liability)

66. Plaintiff repeats and re-alleges Paragraphs 1 through 22 and 49 through 56 of Plaintiffs' Complaint as and for Paragraph 66 of Count VII.

67. As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-

EXHIBIT A

insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT VIII
**ROCKFORD v. LENOVO**
(Negligence)

68. Plaintiff repeats and re-alleges Paragraphs 1 through 31 of Plaintiffs' Complaint as and for Paragraph 68 of Count VIII.

69. As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT IX
**ROCKFORD v. LENOVO**
(Breach of Express Warranty)

70. Plaintiff repeats and re-alleges Paragraphs 1 through 40 of Plaintiffs' Complaint as and for Paragraph 70 of Count IX.

71. As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

# EXHIBIT A

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT X
### ROCKFORD v. LENOVO
(Breach of Implied Warranties)

72. Plaintiff repeats and re-alleges Paragraphs 1 through 48 of Plaintiffs' Complaint as and for Paragraph 72 of this Count X.

73. As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XI
### ROCKFORD v. LG CHEM
(Strict Liability)

74. Plaintiff repeats and re-alleges Paragraphs 1 through 22 and 49 through 56 of Plaintiffs' Complaint as and for Paragraphs 74 of Count XI.

75. As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG CHEM AMERICA, INC., for the sum of $126,176.18, plus costs of suit.

# EXHIBIT A

## COUNT XII

**ROCKFORD v. LG CHEM**

(Negligence)

76.     Plaintiff repeats and re-alleges Paragraphs 1 through 22 and 57 through 65 of Plaintiffs' Complaint as and for Paragraph 76 of this Count XII.

77.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG CHEM AMERICA, INC., for the sum of $126,176.18, plus costs of suit.

> TOWNSHIP OFFICIALS OF ILLINOIS RISK MANAGEMENT ASSOCIATION, as subrogee of Rockford Township, and ROCKFORD TOWNSHIP, Plaintiffs,
>
> By:     LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, their attorneys,
>
> By:     *Steven R. Johnson*
> One of their attorneys

Steven R. Johnson
Christopher R. Dunsing
**Langhenry, Gillen, Lundquist & Johnson, LLC**
6785 Weaver Road, Suite 2E
Rockford, IL 61114
(815) 636-1800
sjohnson@lglfirm.com
cdunsing@lglfirm.com

15

# EXHIBIT A