IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TOWNSHIP OFFICIALS OF ILLINOIS MANAGEMENT ASSOCIATION, as subrogee of Rockford Township, and ROCKFORD TOWNSHIP, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 3:22-cv-50339 |
| LENOVO (UNITED STATES) INC., a foreign corporation, and LG CHEM AMERICA, INC., a foreign corporation, now known as LG Energy Solution, Ltd., LG Energy Solution, Ltd., an international Corporation, and LG Chem, Ltd., an International corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs, TOWNSHIP OFFICIALS OF ILLINOIS RISK MANAGEMENT ASSOCIATION, as subrogee of Rockford Township, and ROCKFORD TOWNSHIP, by and through their attorneys LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, and for their First Amended Complaint against the Defendants, state as follows:

## COUNT I

### TOIRMA v. LENOVO
(Strict Liability)

1.      Rockford Township (hereinafter "Rockford") is a unit of local government located in the City of Rockford, County of Winnebago, Illinois, organized pursuant to the laws of the State of Illinois.

2.      Lenovo (United States) Inc. ("Lenovo") is an international corporation, registered

in the State of Delaware, in the business of manufacturing and selling personal laptop computers.

3.     LG Chem America, Inc., ("LG ChemAm"), is an international corporation, registered in the State of Delaware, in the business of manufacturing and selling batteries for use in personal laptop computers.

4.     LG Energy Solution, Ltd. ("LGES"), is an international corporation, headquartered in South Korea that was formed December 1, 2020, and is a subsidiary of LG Chem, Ltd. It is in the business of manufacturing and selling batteries for use in personal laptop computers.

5.     LG Chem, Ltd. ("LG Chem"), is an international corporation, headquartered in South Korea, that began developing lithium-ion batteries in or around 1999 and continued to manufacture and supply lithium-ion batteries for use in personal laptop computers through its subsidiary LG ChemAm until it created LG Energy Solution, Ltd. on December 1, 2020.

6.     Township Official of Illinois Risk Management Association (hereinafter "TOIRMA") is a risk management pool, organized under the laws of the State of Illinois, that provides insurance coverage to its member townships.

7.     Rockford Township is a TOIRMA member.

8.     Rockford Township is insured for property damage and business interruption arising out of the January 30, 2019 fire loss as a member of the TOIRMA risk management pool, which membership agreement provided for the right of subrogation for sums paid by TOIRMA pursuant to certain provisions of the agreement. Said agreement included a per-occurrence self-insured retention of $500.00.

9.     The Rockford Township Highway Department offices and garages are located at 404 North Springfield Avenue, Rockford, Winnebago County, Illinois.

10.     Brad Trent was employed by the Rockford Township as Assistant Highway Commissioner.

11.     On or about February 12, 2018, Rockford Township Highway Department purchased a Lenovo ThinkPad E570 15.6" Notebook laptop computer ("the ThinkPad") for use by Brad Trent in his capacity as Assistant Highway Commissioner.

12.     Said ThinkPad was manufactured by Lenovo.

13.     Said ThinkPad was equipped with a battery, manufactured, packaged, and distributed by LG Chem and/or its subsidiary company LG ChemAM, that allowed use of the ThinkPad when it was not connected to an alternating current (a/c) power supply.

14.     On January 30, 2019, at approximately 3:00 p.m., Brad Trent left the ThinkPad on his desk in the Rockford Township Highway Department offices, connected to an a/c outlet by its charger, and operating in sleep mode.

15.     On January 30, 2019, at approximately 6:00 p.m., the battery in the ThinkPad catastrophically failed, igniting a fire, which essentially leveled the Rockford Township Highway Department facility and damaging the fixtures, furniture, equipment, and other business personal property therein together with the building and garage.

16.     Lenovo manufactured the ThinkPad and placed into the stream of commerce where it was ultimately purchased and used by Rockford Township in the Highway Department.

17.     Said ThinkPad was manufactured with a component battery manufactured, packaged, distributed, and sold by LG Chem and/or its subsidiary LG ChemAM for use in laptop computers such as the ThinkPad.

18.     The ThinkPad was unreasonably dangerous at the time of its manufacture because the battery incorporated into the computer was known to malfunction and catastrophically fail

3

igniting fires which can damage people and property.

19.     The unreasonably dangerous condition of the ThinkPad existed at the time it left Lenovo's control and existed up to and through the time of the fire.

20.     The ThinkPad was expected to and did reach Rockford Township without substantial change from the condition in which it was placed into the stream of commerce.

21.     At all relevant times, the ThinkPad was used in a reasonable and foreseeable manner by Rockford Township.

22.     The ThinkPad and its component parts were defective in design and/or manufacture, and was unreasonably dangerous to those using the ThinkPad, including Rockford Township and its employees, in one or more of the following ways:

(a)     The method by which the ThinkPad was designed, engineered, manufactured and/or assembled did not provide a fire-safe product;

(b)     The ThinkPad was improperly designed, engineered, manufactured, and/or assembled in a manner which allowed the battery to discharge below the voltage necessary to cause internal damage to the battery which was exacerbated during repeated charging and discharging cycles until it catastrophically failed and/or malfunctioned, thereby igniting a fire;

(c)     The ThinkPad, absent any misuse or abuse, was at risk to internally combust and ignite a fire;

(d)     The ThinkPad was designed, engineered, manufactured and/or assembled in a manner that failed to prevent recharging of a damaged battery despite the known risk of a fire;

(e)     There were no adequate tests or other quality control measures conducted on the ThinkPad to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid failure, malfunction, and/or ignition of a fire;

(f)     The ThinkPad and its component battery lacked adequate warnings and instructions to advise persons purchasing said ThinkPad about the risk that said laptop computer, absent any misuse or abuse, would or could internally combust and ignite a fire;

(g)     The ThinkPad and its component battery were inherently dangerous and lacked adequate warnings that it should not be left unattended at any time the charger is plugged into an outlet due to the risk of internal combustion and ignition of fire.

(h)     Was otherwise defective, unsafe, and unreasonably dangerous for its intended use.

4

23.     As a direct and proximate result of one or more of the foregoing acts and omissions, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

24.     Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT II

### TOIRMA v. LENOVO
(Negligence)

25.     Plaintiff repeats and re-alleges Paragraphs 1 through 24 of Plaintiffs' Complaint as and for Paragraph 25 of Count II.

26.     Lenovo, as the manufacturer and distributor of the subject ThinkPad, owed Rockford Township a duty to exercise ordinary care, caution, diligence and foresight expected of manufacturers of laptop computers for the reasonable and foreseeable use of its product.

27.     Lenovo owed a duty to Rockford Township to investigate, inspect and examine its ThinkPad products such that it could discover product design and/or manufacturing flaws.

28.     Lenovo owed a duty to warn Rockford Township of the potential that its

5

ThinkPad computer could internally combust and ignite a fire if left plugged in and unattended.

29.     Lenovo owed a duty to Rockford Township to design, engineer, manufacture, assemble, distribute, and sell its ThinkPad computers free from defects.

30.     At all relevant times, the ThinkPad was put to its reasonable and expected use by Rockford Township.

31.     Lenovo breached its foregoing duties to Rockford Township in one or more of the following negligent acts or omissions:

    (a)     Designed, engineered, manufactured, assembled, sold, and distributed a defective ThinkPad computer that it knew or should have known was subject to catastrophic failure that could ignite a fire;

    (b)     Failed to adequately test or inspect the ThinkPad to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid catastrophic failure and/or malfunction resulting in the ignition of a fire;

    (c)     Failed to provide adequate warnings and instructions to advise persons using said ThinkPad about the risk that said laptop computer, absent any misuse or abuse, was known to internally combust and ignite a fire;

    (d)     Failed to warn users that the ThinkPad was inherently dangerous and should not be left unattended at any time it is plugged into an outlet due to the risk of internal combustion and ignition of fire;

    (e)     Was otherwise careless and negligent under the circumstances then existing.

32. As a direct and proximate result of the one or more of the foregoing negligent acts and/or omissions, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

33. Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and

interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiffs, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT III

### TOIRMA v. LENOVO
(Breach of Express Warranty)

34.     Plaintiff repeats and re-alleges Paragraphs 1 through 33 of Plaintiffs' Complaint as and for Paragraph 34 of Count III.

35.     Upon information and belief, the sale of the ThinkPad included a Lenovo Warranty.

36.     Lenovo expressly warranted that the subject ThinkPad was free from defects in materials and workmanship under normal use during the warranty period.

37.     At all relevant times, the subject ThinkPad was operated in a normal and expected manner that was foreseeable to Lenovo.

38.     Rockford Township followed the applicable operating instructions.

39.     Rockford Township did not modify or alter the ThinkPad or its component parts in any manner prior to the subject fire.

40.     Lenovo breached the express warranty with Rockford Township in one or more of the following ways:

(a)     Failed to manufacture a ThinkPad computer that was free defects in materials and workmanship;

(b)     Failed to sell, distribute and/or place into the stream of commerce a ThinkPad E570 Notebook laptop computer that was free from defects in materials and workmanship such that it was able to perform its intended functions;

(c)     Otherwise breached the express terms of the warranty.

7

41.     As a direct and proximate result of the one or more of the foregoing breaches of express warranty, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

42.     Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT IV

### TOIRMA v. LENOVO
(Breach of Implied Warranties)

43.     Plaintiff repeats and re-alleges Paragraphs 1 through 42 of Plaintiffs' Complaint as Paragraph 43 of Count IV.

44.     Lenovo warranted to Rockford Township that the subject ThinkPad was fit for its intended purpose and was of merchantable quality.

45.     At all relevant times, the subject ThinkPad was confined to its normal and expected use.

46.     Rockford Township followed the applicable operating instructions.

47.     Rockford Township did not modify or alter the ThinkPad or its component parts

8

in any manner prior to the subject fire.

48.     Lenovo breached the implied warranties of fitness for particular purpose and merchantability in one or more of the following ways:

(a)     Failed to manufacture a ThinkPad E570 Notebook laptop computer for use by Rockford Township that was free of defects in materials and workmanship;

(b)     Failed to sell, distribute and/or place into the stream of commerce a ThinkPad E570 Notebook laptop computer that was fit for use by Rockford Township;

(c)     Failed to sell, distribute and/or place into the stream of commerce a ThinkPad E570 Notebook laptop computer that was of merchantable quality;

(d)     Otherwise breached the implied warranties of fitness for particular purpose and merchantability.

49.     As a direct and proximate result of the one or more of the foregoing breaches of implied warranties, the ThinkPad internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

50.     Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $2,184,738.92, plus costs of suit.

## **COUNT V**
### **TOIRMA v. LG CHEM AM**
(Strict Liability)

51.    Plaintiff repeats and re-alleges Paragraphs 1 through 24 of Plaintiffs' Complaint as and for Paragraph 51 of Count V.

52.    The battery incorporated into the ThinkPad was unreasonably dangerous at the time of its manufacture because it was known to malfunction and ignite a fire.

53.    The unreasonably dangerous condition of the battery existed at the time it left LG ChemAM's control and existed up to and through the time of the fire.

54.    The battery was expected to and did reach Rockford Township without substantial change in the condition in which it was at the time it left the control of LG ChemAM.

55.    At all relevant times, the LG ChemAM battery was used in a reasonable and expected manner by Rockford Township.

56.    The battery was defective in design and/or manufacture, and was unreasonably dangerous to those using the ThinkPad with the LG ChemAM battery, including Rockford Township, in one or more of the following ways:

> (a)  The method by which the battery was designed, engineered, manufactured and/or assembled did not provide a fire-safe product;
> (b)  The battery was improperly designed, engineered, manufactured, and/or assembled in a manner which allowed the battery to discharge below the voltage necessary to cause internal damage to the battery which was exacerbated during repeated charging and discharging cycles until it catastrophically failed and/or malfunctioned, thereby igniting a fire;
> (c)  The battery, absent any misuse or abuse, was at risk to internally combust and ignite a fire;
> (d)  The battery was designed, engineered, manufactured and/or assembled in a manner that failed to prevent recharging of a damaged battery despite the known risk of a fire;
> (e)  There were no adequate tests or other quality control measures conducted on the battery to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid failure, malfunction, and/or ignition of a fire;
> (f)  The battery and its component battery lacked adequate warnings and instructions to advise persons purchasing said batteries about the risk that said batteries, absent any misuse or abuse, would or could internally combust and ignite a fire;

(g) The battery were inherently dangerous and lacked adequate warnings that it should not be left unattended at any time the charger is plugged into an outlet due to the risk of internal combustion and ignition of fire.

(h) Was otherwise defective, unsafe, and unreasonably dangerous for its intended use.

57.     As a direct and proximate result of the one or more of the foregoing acts and omissions, the battery internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

58.     Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG CHEM AMERICA, INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT VI

### TOIRMA v. LG CHEM AM
(Negligence)

59.     Plaintiffs repeat and re-allege Paragraphs 1 through 33 of Plaintiffs' Complaint as and for Paragraph 59 of Count VI.

60.     LG ChemAM, as the manufacturer and/or distributor of the subject battery, owed Rockford Township a duty to exercise ordinary care, caution, diligence, and foresight expected of manufacturers of component parts for use in laptop computers in a reasonable and foreseeable manner.

11

61.     LG ChemAM had a duty to Rockford Township to investigate, inspect and examine its battery, intended for use in laptop computers, such that it could discover product flaws in a product known to cause fires.

62.     LG ChemAM had a duty to warn Rockford Township of the potential that its battery, intended for use in laptop computers, could internally combust and ignite a fire.

63.     LG ChemAM had a duty to Rockford Township to design, engineer, manufacture, assemble, distribute, and sell batteries for use in laptop computers that were free from defects.

64.     At all relevant times, the battery was used in a reasonable manner, as intended by LG ChemAM, for its expected use in a ThinkPad computer by Rockford Township.

65.     LG ChemAM breached its foregoing duties to Rockford Township in one or more of the following negligent acts or omissions:

(a)     Designed, engineered, manufactured, assembled, sold, and distributed a defective battery that it knew or should have known was subject to catastrophic failure that could ignite a fire;

(b)     Failed to adequately test or inspect the battery to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid catastrophic failure and/or malfunction resulting in the ignition of a fire;

(c)     Failed to provide adequate warnings and instructions to advise persons using said battery about the risk that, absent any misuse or abuse, it was known to internally combust and ignite a fire;

(d)     Failed to warn users that the battery was inherently dangerous and should not be left unattended at any time it is plugged into an outlet due to the risk of internal combustion and ignition of fire;

(e)     Was otherwise careless and negligent under the circumstances then existing.

66.     As a direct and proximate result of the one or more of the foregoing negligent acts and/or omissions, the battery internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

67.     Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiffs, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG CHEM AMERICA, INC., for the sum of $2,184,738.92, plus costs of suit.

## COUNT VII

**TOIRMA v. LG CHEM, LTD.**
(Strict Liability)

68.     Plaintiff repeats and re-alleges Paragraphs 1 through 24 of Plaintiffs' Complaint as and for Paragraphs 68 of Count VII.

69.     LG Chem designed, manufactured, packaged, and distributed lithium-ion batteries for use in Lenovo ThinkPad laptop computers sold to the public for many years including but not limited to 2017-2020.

70.     An LG Chem battery was incorporated into the ThinkPad sold to Rockford and was unreasonably dangerous at the time of its manufacture because it was known to malfunction and ignite a fire.

71.     The unreasonably dangerous condition of the battery existed at the time it left LG Chem's control and existed up to and through the time of the fire.

72.     The battery was expected to and did reach Rockford Township without substantial change in the condition in which it was at the time it left the control of LG Chem.

73.     At all relevant times, the battery was used in a reasonable and expected manner

13

by Rockford Township.

74.     The battery was defective in design and/or manufacture, and was unreasonably dangerous to those using the ThinkPad with the LG Chem battery, including Rockford Township, in one or more of the following ways:

> (a)  The method by which the battery was designed, engineered, manufactured and/or assembled did not provide a fire-safe product;
> (b)  The battery was improperly designed, engineered, manufactured, and/or assembled in a manner which allowed the battery to discharge below the voltage necessary to cause internal damage to the battery which was exacerbated during repeated charging and discharging cycles until it catastrophically failed and/or malfunctioned, thereby igniting a fire;
> (c)  The battery, absent any misuse or abuse, was at risk to internally combust and ignite a fire;
> (d)  The battery was designed, engineered, manufactured and/or assembled in a manner that failed to prevent recharging of a damaged battery despite the known risk of a fire;
> (e)  There were no adequate tests or other quality control measures conducted on the battery to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid failure, malfunction, and/or ignition of a fire;
> (f)  The battery and its component battery lacked adequate warnings and instructions to advise persons purchasing said batteries about the risk that said batteries, absent any misuse or abuse, would or could internally combust and ignite a fire;
> (g)  The battery were inherently dangerous and lacked adequate warnings that it should not be left unattended at any time the charger is plugged into an outlet due to the risk of internal combustion and ignition of fire.
> (h)  Was otherwise defective, unsafe, and unreasonably dangerous for its intended use.

75.     As a direct and proximate result of the one or more of the foregoing acts and omissions, the battery internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

76.     On information and belief, LG Chem created a subsidiary called LG Energy Solution, Ltd. in 2020, in part, to continue the manufacture of lithium-ion batteries for laptop

computers and to assume the legal responsibilities and the liabilities of LG Chem and/or LG ChemAM.

77.    Pursuant to the provisions of Rockford Township's aforesaid membership in the TOIRMA risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG CHEM, LTD., for the sum of $2,184,738.92, plus costs of suit.

## COUNT VIII

### TOIRMA v. LG CHEM, LTD.
(Negligence)

78.    Plaintiffs repeat and re-allege Paragraphs 1 through 24 and 68 through 77 of Plaintiffs' Complaint as and for Paragraphs 78 of Count VIII.

79.    LG Chem, as the manufacturer and/or distributor of the subject battery, owed Rockford Township a duty to exercise ordinary care, caution, diligence, and foresight expected of manufacturers of component parts for use in laptop computers in a reasonable and foreseeable manner.

80.    LG Chem had a duty to Rockford Township to investigate, inspect and examine its battery, intended for use in laptop computers, such that it could discover product flaws in a product known to cause fires.

81.    LG Chem had a duty to warn Rockford Township of the potential that its battery, intended for use in laptop computers, could internally combust and ignite a fire.

82.     LG Chem had a duty to Rockford Township to design, engineer, manufacture, assemble, distribute, and sell batteries for use in laptop computers that were free from defects.

83.     At all relevant times, the battery was used in a reasonable manner, as intended by LG Chem, for its expected use in a ThinkPad computer by Rockford Township.

84.     LG Chem breached its foregoing duties to Rockford Township in one or more of the following negligent acts or omissions:

(a)     Designed, engineered, manufactured, assembled, sold, and distributed a defective battery that it knew or should have known was subject to catastrophic failure that could ignite a fire;

(b)     Failed to adequately test or inspect the battery to ensure that it was properly designed, engineered, manufactured, and/or assembled so as to avoid catastrophic failure and/or malfunction resulting in the ignition of a fire;

(c)     Failed to provide adequate warnings and instructions to advise persons using said battery about the risk that, absent any misuse or abuse, it was known to internally combust and ignite a fire;

(d)     Failed to warn users that the battery was inherently dangerous and should not be left unattended at any time it is plugged into an outlet due to the risk of internal combustion and ignition of fire;

(e)     Was otherwise careless and negligent under the circumstances then existing.

85.     As a direct and proximate result of the one or more of the foregoing negligent acts and/or omissions, the battery internally combusted and ignited a fire, which communicated throughout the Rockford Township offices and garage, causing severe and extensive property damage and business interruption, all to the ultimate loss of Rockford Township.

86.     As a result of said fire, pursuant to the provisions of Rockford Township's aforesaid membership in the risk management pool, TOIRMA became obligated to pay sums totaling $2,184,738.92, excluding Rockford Township's $500.00 self-insured retention, to or on behalf on Rockford Township for the damage to the Rockford Township offices and equipment, and interruption of Rockford Township's business, resulting from said fire.

87.     On information and belief, LG Chem created a subsidiary called LG Energy Solution, Ltd. in 2020, in part, to continue the manufacture of lithium-ion batteries for laptop computers and to assume the legal responsibilities and the liabilities of LG Chem and/or LG ChemAM.

WHEREFORE, the Plaintiffs, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG CHEM, LTD. for the sum of $2,184,738.92, plus costs of suit.

## COUNT IX

### TOIRMA v. LG ENERGY SOLUTION, LTD.
### (Strict Liability)

88.     Plaintiffs repeat and re-allege Paragraphs 1 through 24 and 68 through 77 of Plaintiffs' Complaint as and for Paragraphs 88 of Count IX.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG ENERGY SOLUTION, LTD., for the sum of $2,184,738.92, plus costs of suit.

## COUNT X

### TOIRMA v. LG ENERGY SOLUTION, LTD.
### (Negligence)

89.     Plaintiffs repeat and re-allege Paragraphs 1 through 24 and 78 through 87 of Plaintiffs' Complaint as and for Paragraphs 88 of Count X.

WHEREFORE, the Plaintiff, TOWNSHIP OFFICIAL OF ILLINOIS RISK MANAGEMENT ASSOCIATION, demands judgment against LG ENERGY SOLUTION, LTD., for the sum of $2,184,738.92, plus costs of suit.

## COUNT XI

**ROCKFORD v. LENOVO**
(Strict Liability)

90.     Plaintiff repeats and re-alleges Paragraphs 1 through 24 of Plaintiffs' Complaint as and for Paragraph 90 of Count IX.

91.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XII

**ROCKFORD v. LENOVO**
(Negligence)

92.     Plaintiff repeats and re-alleges Paragraphs 1 through 33 of Plaintiffs' Complaint as and for Paragraph 92 of Count XII.

93.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XIII

**ROCKFORD v. LENOVO**

(Breach of Express Warranty)

94.     Plaintiff repeats and re-alleges Paragraphs 1 through 42 of Plaintiffs' Complaint as and for Paragraph 94 of Count XI.

95.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XIV

### ROCKFORD v. LENOVO
(Breach of Implied Warranties)

96.     Plaintiff repeats and re-alleges Paragraphs 1 through 50 of Plaintiffs' Complaint as and for Paragraph 96 of this Count XIV.

97.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LENOVO (UNITED STATES) INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XV

### ROCKFORD v. LG CHEM AM
(Strict Liability)

98.     Plaintiff repeats and re-alleges Paragraphs 1 through 33 of Plaintiffs' Complaint

as and for Paragraphs 98 of Count XV.

99.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG CHEM AMERICA, INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XVI

### ROCKFORD v. LG CHEM AM
(Negligence)

100.     Plaintiff repeats and re-alleges Paragraphs 1 through 24 and 59 through 67 of Plaintiffs' Complaint as and for Paragraph 100 of this Count XVI.

101.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG CHEM AMERICA, INC., for the sum of $126,176.18, plus costs of suit.

## COUNT XVII

### ROCKFORD v. LG CHEM, LTD.
(Strict Liability)

102.     Plaintiff repeats and re-alleges Paragraphs 1 through 24 and 68 through 77 of Plaintiffs' Complaint as and for Paragraphs 102 of Count XVII.

103.     As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-

20

insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG CHEM, LTD., for the sum of $126,176.18, plus costs of suit.

## COUNT XVIII

**ROCKFORD v. LG CHEM, LTD.**
(Negligence)

104.    Plaintiff repeats and re-alleges Paragraphs 1 through 24 and 78 through 87 of Plaintiffs' Complaint as and for Paragraph 104 of this Count XVIII.

105.    As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG CHEM, LTD., for the sum of $126,176.18, plus costs of suit.

## COUNT XIX

**ROCKFORD v. LGES, LTD.**
(Strict Liability)

106.    Plaintiff repeats and re-alleges Paragraphs 1 through 24 and 88 of Plaintiffs' Complaint as and for Paragraph 106 of this Count XIX.

107.    As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG ENERGY SOLUTION, LTD., for the sum of $126,176.18, plus costs of suit.

## COUNT XX

### ROCKFORD v. LGES, LTD.

(Negligence)

108. Plaintiff repeats and re-alleges Paragraphs 1 through 24 and 89 of Plaintiffs' Complaint as and for Paragraph 108 of this Count XX.

109. As a result of said fire, Rockford Township sustained damage to its offices and equipment, and interruption of its business, totaling $126,176.18, including its $500.00 self-insured retention, which were not insured under its aforesaid membership in the TOIRMA risk pool.

WHEREFORE, the Plaintiff, ROCKFORD TOWNSHIP, demands judgment against LG ENERGY SOLUTION, LTD., for the sum of $126,176.18, plus costs of suit.

TOWNSHIP OFFICIALS OF ILLINOIS RISK MANAGEMENT ASSOCIATION, as subrogee of Rockford Township, and ROCKFORD TOWNSHIP, Plaintiffs,

By: LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, their attorneys,

By: *Steven R. Johnson*
One of their attorneys

Steven R. Johnson
Christopher R. Dunsing
**Langhenry, Gillen, Lundquist & Johnson, LLC**
6785 Weaver Road, Suite 2E
Rockford, IL 61114
(815) 636-1800
sjohnson@lglfirm.com
cdunsing@lglfirm.com

22